**HOLMES PRODUCTS CORP., Plaintiff,**

**v.**

**DANA LIGHTING, INC. and Nathan Katz, Defendants.**

**Civil A. No. 94–40109–NMG.**

United States District Court, D. Massachusetts.

May 15, 1996.

Dustin F. Hecker, Posternak, Blankstein & Lund, Boston, MA, Sibley P. Reppert, Samuels, Gauthier, Stevens & Reppert, Boston, MA, for Holmes Products Corp.

Bruce R. Parker, Michael B. Keating, Foley, Hoag & Eliot, Boston, MA, Janet P. Ailstock, Catalina Lighting, Miami, FL, for Dana Lighting, Inc.

Bruce R. Parker, Michael B. Keating, Foley, Hoag & Eliot, Boston, MA, for Nathan Katz.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff in the above-entitled matter, Holmes Products Corp. ("Holmes"), filed a six-count Amended Complaint against the defendants, Dana Lighting, Inc. ("Dana") and Nathan Katz ("Katz"), the president of Dana. All six counts of Holmes' Complaint arise out of alleged tortious interference by defendants in the contractual relationship between plaintiff and a company in Hong Kong.

Pending before this Court are three motions, the first two of which are addressed by this Memorandum and Order: 1) defendants' motion to exclude evidence proffered by Danny Lavy, 2) defendants' motion to permit Dana's in-house counsel to have access to certain documents, and 3) defendants' motion for summary judgment.

### I. *Motion to Exclude Evidence Proffered by Danny Levy*

On September 29, 1995, the defendants filed a "Motion to Exclude Evidence that Purportedly Originates With Danny Lavy," requesting that this Court issue an order: 1) prohibiting plaintiff from relying on Lavy's affidavit filed in opposition to defendants' motion for summary judgment, and 2) prohibiting Lavy from testifying at trial.

The primary importance of Mr. Lavy's testimony to plaintiff is with respect to Count IV of the Complaint, which alleges a civil violation by defendants of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* Specifically, the Complaint alleges that defendants have engaged in a pattern of illegal activity by employing similar threats and coercion against other companies, including Elite Classics, Inc., a Canadian company run by Danny Lavy ("Lavy"). In its Opposition to defendants' motion for summary judgment, plaintiff relies, in part, upon an affidavit submitted by Lavy recounting threats allegedly made to him by defendants.

The motion to exclude evidence proffered by Lavy is premised upon the difficulties defendants have encountered in their efforts to depose him. Two of the incidents complained of by defendants are outlined as follows:

1. In a letter dated May 5, 1994, counsel for Holmes informed defendants that Lavy would be in Boston the week of May 16 and enclosed a notice of deposition for May 19 in his office. Upon receiving the notice, Dana's general counsel flew to Boston from Miami on May 18 only to learn that the deposition was cancelled because Lavy had failed to appear in Boston. Lavy agreed to make himself available in Montreal for a deposition the following day, and although Dana's counsel expressed her willingness to travel to Montreal, Holmes' counsel was unable to do so because of a scheduling conflict.

2. In February, 1995, the defendants filed an "Application for Letter of Request" with this Court, which was allowed. The Letter of Request was sent by Dana's Montreal counsel to the Judicial District of Montreal, which issued a subpoena that was served on Lavy on March 1, 1995. After efforts to schedule a mutually-convenient date with Lavy's counsel, Mr. Gitman, proved unsuccessful, Dana applied for and obtained from the Judicial District of Montreal an order compelling Lavy's attendance at a deposition on May 10, 1995. A new subpoena for that deposition was served on Lavy on April 28, 1995. Both in-house and outside counsel for Dana flew to Montreal (as did Holmes' counsel) to attend the deposition, but, in violation of the court order, Lavy failed to appear.

Dana estimates that it has expended over $16,000 in attempting to obtain Lavy's deposition testimony. Ailstock Aff. at ¶¶ 6, 12.

Defendants argue that Lavy, on whose evidence Holmes relies heavily in connection with one or more of its claims, has more than once willfully evaded scheduled depositions and, therefore, should be precluded from of-

fering evidence in the case at bar. In support of their argument, defendants rely upon cases in which courts have precluded testimony of witnesses who refuse to submit to cross-examination at deposition. See cases cited in Defendants' Memorandum at pp. 8–9. The case at bar, however, differs in one material respect from the cited cases in that the witnesses excluded from testifying were parties to the lawsuits. Lavy, by contrast, is a non-party witness. Nevertheless, this Court perceives that Holmes relies heavily upon Lavy's affidavit in opposition to defendants' motion for summary judgment and thus, for that purpose, Lavy is plaintiff's witness. Moreover, defendants have made a concerted effort to subject Lavy's unchallenged narration of events to meaningful cross-examination.

This Court rules, therefore, that unless the deposition of Danny Lavy is scheduled and taken within 30 days of the date of this Order, defendants' motion to exclude Lavy's affidavit from plaintiff's Opposition to the motion for summary judgment will be AL-LOWED.[1] If Lavy's deposition is taken, each party shall have 30 days from the date of the deposition to submit to this Court a supplemental memorandum, not to exceed ten (10) pages, addressing the effect of Lavy's testimony, if any, upon defendants' motion for summary judgment.

## II. Motion to Permit Dana's In-House Counsel to Have Access to Holmes' Documents

■ On March 6, 1996, the defendants filed a motion to permit Janet Ailstock, Dana's in-house counsel, to have access to certain documents which Holmes was ordered to produce by an Order issued by United States Magistrate Judge Swartwood on February 13, 1996.[2] That Order was issued after Judge Swartwood allowed defendants' motion to compel the production of certain documents in order to evaluate

1. Such allowance would extend only to defendants' request to preclude plaintiff from relying upon Lavy's affidavit filed in opposition to its motion for summary judgment.

2. Ailstock is Vice President and General Counsel of Catalina Lighting Inc. and its wholly-owned

Holmes' damages claim and acknowledged that the Judge was:

sensitive to plaintiff's concerns that this information is to be disclosed to a competitor. [Because] there is no stated need for Ms. Ailstock to review this information and since each of the parties has engaged experts for that purpose, there is no compelling reason why [she] needs to be privy to this information.

Order at 8. Judge Swartwood thus required Holmes to disclose the information sought by defendants only to their retained expert and their outside counsel.

Plaintiff opposes defendants' motion, arguing that the motion constitutes an untimely objection to Magistrate Judge Swartwood's Order. See 28 U.S.C. § 636(b)(1). Defendants respond that the instant motion is not an objection to that Order because it allowed their motion to compel and, consequently, need not have been filed within ten days of the Order. In an effort to demonstrate why Ailstock needs to review the information, defendants have submitted affidavits of Ailstock and outside counsel.

This Court is unconvinced that the defendants' motion is not, in fact, an objection to Judge Swartwood's Order. Although that Order granted defendants' request for documents, it also imposed a condition to which Dana now belatedly objects, i.e., the limitation as to who can inspect those documents. Defendants' objection is, therefore, tardily filed. See 28 U.S.C. § 636(b)(1).

■ This Court observes, moreover, that when a nondispositive ruling of a Magistrate Judge is at issue, the District Court "is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir.1992). In Blinzler v. Marriott Int'l, Inc., 857 F. Supp 1 (D.R.I.1994), the District Court cited Haines in concluding that:

subsidiary Catalina Industries, Inc. d/b/a Dana Lighting and its subsidiaries. Ailstock Aff. at ¶ 1. As noted by plaintiff, it is also known that Ailstock attends meetings of Catalina's Board of Directors. See Hecker Aff., Exh. D.

[n]either the language of § 636(b)(1)(A) nor its legislative history allocates to the district court the authority to do more than perform a clearly erroneous review of a Magistrate Judge's order on a nondispositive, pretrial matter.

*Id.* at 2.

This Court concludes that the decision of the Magistrate Judge to require the plaintiffs to disclose the sensitive information only to the defendants' retained expert and their outside counsel is neither clearly erroneous nor contrary to law. *See United States v. Garcia,* 983 F.2d 1160, 1166 (1st Cir.1993) (a Magistrate Judge's discovery order "may be set aside where [it] is clearly erroneous or contrary to law"). Defendants' motion to permit Dana's in-house counsel to have access to the documents at issue in the February 13 Order will, therefore, be DENIED.

## ORDER

For the foregoing reasons:

1) defendants' motion to exclude the affidavit of Danny Lavy from plaintiff's Opposition to the motion for summary judgment [Docket # 27] is ALLOWED unless, within 30 days of the date of this Order, the deposition of Lavy is scheduled and taken; and

2) defendants' motion to permit Dana's in-house counsel to have access to Holmes documents [Docket # 65] is DENIED.

So ordered.