**SCOTT PAPER COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–CV–4004.**

United States District Court,
E.D. Pennsylvania.

Aug. 12, 1996.

Herbert Odell, Zapruder & Odell, Bala Cynwyd, PA, for Scott Paper Company.

Stuart D. Gibson, U.S. Dept. of Justice– Tax Division, Washington, DC, for United States.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the Court is Defendant's Notice of Appeal from the Memorandum of Decision and Order Dated June 25, 1996.

Defendant appeals from a decision of the United States Magistrate Judge on Plaintiff's Motion for Production of Documents. Plaintiff instituted this action against the United States to recover funds collected by the Internal Revenue Service ("IRS"). Plaintiff claims that the IRS erroneously assessed the amount of the funds by applying Revenue Ruling 88–89 retroactively. To obtain evidence in support of this claim, Plaintiff served Defendant with a request for documents related to that Ruling. Defendant provided several documents, but refused to produce 149 others, asserting the deliberative process, or executive, privilege. Accordingly, Plaintiff filed the instant Motion for Production of Documents, which this Court referred to the Magistrate Judge.

The Magistrate Judge found that the deliberative process privilege can only be invoked by the head of the agency claiming the privilege. The Magistrate Judge further found that the head of the agency in this case had not asserted the privilege; rather, Sara Coe, Chief of the Procedural Branch, Field Service Division, Office of Chief Counsel, had invoked it. Accordingly, the Magistrate Judge concluded that Defendant had not properly invoked the deliberative process privilege. Rather than simply rejecting Defendant's defense and ordering production, however, the Magistrate Judge allowed Defendant seven days from the date of the order to properly assert the privilege.

In its Notice of Appeal, Defendant challenges the finding that the IRS Commissioner must assert the privilege, arguing that the Commissioner properly delegated this authority to subordinate officials. In the alternative, Defendant requests additional time to allow the Commissioner to review the documents and to decide whether to assert the privilege. Finally, Defendant requests that the Court enter a protective order limiting the use of the documents, in the event that the Court ultimately orders their production.

■ The Court may overrule a decision of the Magistrate Judge involving a nondispositive discovery dispute only if the decision is clearly erroneous or contrary to law, or if the Magistrate Judge abused his discretion. *United States v. Premises Known as 281 Syosset Woodbury Rd.*, 862 F.Supp. 847, 851 (E.D.N.Y.1994), *aff'd*, 71 F.3d 1067 (2d Cir. 1995); *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D.Kan.1991). In making this determination, the Court may consider only the evidence presented to the Magistrate Judge. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992).

■ In the instant case, the Magistrate Judge neither abused his discretion nor clearly erred. First, the Magistrate Judge correctly decided that the deliberative process, or executive, privilege may only be invoked by the head of the agency or department, here, the Commissioner of the IRS. *United States v. Reynolds*, 345 U.S. 1, 7–8, 73 S.Ct. 528, 532, 97 L.Ed. 727 (1953) ("There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer."); *United States v. O'Neill*, 619 F.2d 222, 225–26 (3d Cir.1980) (holding that privilege was not properly asserted, in part, because it was not invoked by the department head); *Yang v. Reno*, 157 F.R.D. 625, 632–33 (M.D.Pa.1994) (finding that executive secretary of the National Security Council could not assert privilege). Defendant argues that the IRS Commissioner delegated the authority to assert the privilege and, thus, need not assert it herself. Although courts in some jurisdictions permit an agency head to delegate this authority, *see Martin v. Albany Business Journal, Inc.*, 780 F.Supp. 927, 934 (N.D.N.Y.1992); *Moorhead v. Lane*, 125 F.R.D. 680, 684 n. 1 (C.D.Ill.1989), courts in this jurisdiction do not, *see O'Neill*, 619 F.2d at 225–26; *Yang*, 157 F.R.D. at 632–33;

*Coastal Corp. v. Duncan,* 86 F.R.D. 514, 518 (D.Del.1980) (finding that assertion of privilege by subordinate with delegated authority was improper); *Pierson v. United States,* 428 F.Supp. 384, 393–94 (D.Del.1977) (rejecting argument that executive privilege can be asserted by subordinate official).

 Moreover, even in jurisdictions that allow delegation, the delegation must be accompanied by detailed guidelines regarding the use of the privilege. *See Martin,* 780 F.Supp. at 934; *Mobil Oil Corp. v. Department of Energy,* 520 F.Supp. 414, 416 (N.D.N.Y.1981). In the instant case, Defendant has failed to establish that such guidelines exist. Although the Chief Counsel Directive provided by Defendant includes some directions on the assertion of the privilege, they involve merely procedural requirements and fail to address substantive considerations. Procedural guidance, alone, is insufficient to ensure an informed, reasoned decision and renders a delegation improper. *See id.; Pennzoil Co. v. Department of Energy,* No. 78–335, 1980 WL 1087 (June 30, 1980). Thus, even if this jurisdiction did allow delegation of the authority to assert the privilege, the instant delegation would be invalid for failure to include adequate guidelines. Therefore, the finding that the Commissioner of the IRS herself was required to assert the executive privilege was not clearly erroneous or contrary to law, and will be affirmed.

The Court also concludes that the Magistrate Judge did not abuse his discretion in allowing Defendant seven days in which to assert the privilege. The Magistrate Judge has broad discretion in this regard, and there is simply no evidence of abuse in this case. Having said this, the Court will extend the time granted by the Magistrate Judge, allowing Defendant until September 12, 1996 to invoke the privilege. The Court is aware that allowing this time may invade the province of the Magistrate Judge, and the Court reiterates that the Magistrate did not err or abuse his discretion in allowing only seven days. However, to avoid a dispute over an ancillary discovery matter, in recognition of the important role of the executive privilege, and in the interest of justice, the Court will allow Defendant yet another opportunity to assert the privilege. The Court advises Defendant that, given this unusual allowance, it should act within the time provided and should not seek a continuance.

Defendant has requested that the Court issue a protective order in the event that Defendant is required to produce any documents. Such a request is premature at this time, however, and should be directed, if ever, to the Magistrate Judge.

An appropriate Order follows.

### ORDER

AND NOW, this 12th day of August, 1996, it is hereby ORDERED that:

1. The Memorandum of Decision and Order of the United States Magistrate Judge, dated June 25, 1996 [Docket Entry 24], is AFFIRMED;

2. Defendant may invoke the executive or deliberative process privilege regarding documents listed in the Log relating to RR 88–98 and section 7805(b), in accordance with this Memorandum and Order, on or before September 12, 1996. If Defendant does invoke this privilege, it shall simultaneously submit copies of all documents for which it claims the privilege to the Court for in camera inspection, so that the Court may balance Defendant's claim of privilege against Plaintiff's need for the documents.