Richard WOLFSON & Nancy Wolfson,

v.

Paul LEWIS, Stephen Wilson, et al.

Civil Action No. 96–1162.

United States District Court,
E.D. Pennsylvania.

Oct. 15, 1996.

John M. Elliott, James C. Crumlish, III, Mark J. Schwemler, Frederick P. Santarelli, Gerald Lawrence, Jr., Elliott Reihner Siedzikowski & Egan, P.C., Blue Bell, PA, for plaintiffs.

Dean Ringel, Cahill, Gordon & Reindel, New York City, Robert N. Spinelli, Kelley, Jasons, Mc Guire & Spinelli, Philadelphia, PA, for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This diversity action began six months ago when plaintiffs sought to enjoin the activities of defendants, two broadcast journalists, preparing an expose for the nationally syndicated television news program *Inside Edition* on the high salaries being paid to U.S. Healthcare executives. Plaintiffs are two executives at U.S. Healthcare and the daughter and son-in-law of U.S. Healthcare's chairman. In their complaint filed February 14, 1996, plaintiffs claimed that defendants utilized newsgathering techniques which violated their privacy, and that defendants engaged in tortious stalking, harassment, trespass, and intrusions upon seclusion.

After conducting hearings between February 27, 1996 and March 9, 1996, the Court issued a preliminary injunction on April 8, 1996, enjoining the defendants from engaging in conduct, with or without the use of cameras and sound equipment, which invades the plaintiffs' privacy. *See* 924 F.Supp. 1413 (E.D.Pa.1996). The Court further directed that the injunction would remain in effect until such time as the jury demanded by the parties returns a verdict on the merits.

Following the issuance of the preliminary injunction, the Court held an initial pretrial conference with the parties on May 23, 1996. At the conference, defendants asked plaintiffs to clarify their complaint. Plaintiffs agreed to file an amended complaint to name the "John and Jane Does," delineate separate causes of action, and set forth the facts with greater specificity. Soon after, the Court ordered all discovery to be completed by September 20, 1996, scheduled a pretrial conference for October 3, 1996, and set the case for trial on October 15, 1996.

The Court's Order issuing the preliminary injunction is currently on appeal to the U.S. Court of Appeals for the Third Circuit. After considering a request by defendants to continue the trial date pending appeal, this Court on August 26, 1996, continued the pretrial conference and trial in this matter until dates to be determined after the Third Circuit rules.

Presently before the Court is plaintiffs' motion, filed July 1, 1996, for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a), 15(d) and 21. Plaintiffs seek to add five defendants, previously named as "John and Jane Does," as well as add five causes of action. On October 2, 1996, the Court conducted a hearing on plaintiffs' motion. For the reasons set forth below, the Court grants plaintiffs' motion in its entirety.

## I. Statement of Allegations

Plaintiffs seek leave from this Court to add five defendants and five claims to their complaint, as well as provide additional factual information. Originally, plaintiffs had named Paul Lewis, a producer for *Inside Edition*, and Stephen Wilson, a reporter for *Inside Edition*, as defendants. They pursued one claim for relief based on invasion of privacy.

Plaintiffs now seek to add the following defendants: (1) King World Productions, Inc., a Delaware corporation with a principal office in New York City, which produces the syndicated show *Inside Edition*; (2) Inside Edition, Inc., a Delaware corporation with a principal office in New York City, which is wholly owned by King World and is used for producing the show *Inside Edition*; (3) Target Television Enterprises, Inc. ("Target T.V."), a Florida corporation with a principal office in Palm Harbor, Florida, which is used by King World, Inside Edition, Wilson and Jane Akre to provide camera and sound recording services in producing the show *Inside Edition*; (4) Robert Read, an individual and citizen of New York, who holds the position of "Senior Producer, Investigative Unit" at Inside Edition and King World; and (5) Jane Akre, an individual and citizen of Florida, who is the wife of defendant Wilson and an employee of Target T.V.

Plaintiffs also seek to add the following claims for relief: (1) intentional, unauthorized and illegal interception of wire, oral or electronic communications, pursuant to 18 U.S.C. § 2511 et seq.; (2) intentional, unauthorized and illegal interception of wire, oral or electronic communications under Florida Statutes Ann. ch. 934.10; (3) negligence; (4) negligence in hiring and supervision; and (5) civil conspiracy.

Defendants filed an opposition to plaintiffs' motion on July 29, 1996. They opposed the motion for two principal reasons. First, defendants argued they would be prejudiced if forced to respond to new claims and collateral issues involving new parties less than three months prior to a scheduled trial. Second, defendants argued that the proposed amendments would be futile and thus should be denied, because (1) the Court lacks personal jurisdiction over Jane Akre, and (2) the plaintiffs fail to state a claim for negligence. In the event the Court grants plaintiffs' motion, defendants asked for a new discovery deadline and trial date.

Plaintiffs filed a reply in support of their motion on August 5, 1996. It should be noted that each of these briefs was submitted prior to the Court's Order of August 26, 1996, continuing the trial until a date to be determined after the Third Circuit rules on the appeal of the preliminary injunction. In light of the Court's August 26th Order, and because the parties' briefs reflect their positions when trial was imminent, the Court conducted a hearing on October 2, 1996, to receive more timely arguments from the parties on plaintiffs' motion for leave to file an amended complaint.

## II. Standard of Review

The Federal Rules of Civil Procedure instruct that, after a responsive pleading is served, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed.R.Civ.P. 15(a) provides:

Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may also amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended complaint within the time remaining for response to the original

pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

*Id.* (emphasis. added) In considering such a motion, "leave shall be freely given when justice so requires." *Id.* The Supreme Court has provided guidance in interpreting Rule 15(a)'s standard:

> If the underlying facts or circumstances relied upon the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought, should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Third Circuit has held that the "potential for undue prejudice [to the non-moving party] is 'the touchstone for the denial of the leave to amend.'" *Coventry v. United States Steel Corp.,* 856 F.2d 514, 519 (3d Cir.1988) (quoting *Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n.,* 573 F.2d 820, 823 (3d Cir.1978)); *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984) (same).

■ This Court need not consider plaintiffs' motions pursuant to Fed.R.Civ.P. 15(d) and 21 to serve supplemental pleadings and join new parties, because Rule 15(a) encompasses these amendments when the plaintiff is required, as here, to seek leave from the court. Motions to amend under Rule 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action. L. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). *See Good-*

*man v. Mead Johnson & Co.,* 534 F.2d 566, 569 (3d Cir.1976) (district court improperly denied amendment to add claims and substitute parties), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

■ Moreover, the same standards apply under Rules 15(a), 15(d) and 21. The court, in its discretion, shall freely grant such requests when justice so requires. *See AMP, Inc. v. Methode Electronics, Inc.,* 823 F.Supp. 259, 269 (M.D.Pa.1993) (" 'the standard for adding or dropping parties under Rule 21' is the same as the standard for amending pleadings under Rule 15" (citations omitted)); *Bates v. Western Elec.,* 420 F.Supp. 521, 525 (E.D.Pa.1976) (application for leave to file supplemental pleading should be treated like application for leave to file amended complaint).

### III. Discussion

■ Defendants offer two reasons for rejecting plaintiffs' motion for leave to file an amended complaint. Defendants' first objection, that they would be prejudiced if forced to respond to new claims involving new parties less than three months prior to trial, is moot. Defendants will suffer no prejudice if the plaintiff is allowed to amend its complaint, because the Court has continued the trial until after the Third Circuit rules on the preliminary injunction. Furthermore, should the Court grant plaintiffs' motion, it would set a new discovery deadline to permit both sides to more fully explore the issues raised in the amended complaint. Extending discovery will not delay the trial, since, as defendants themselves requested, this Court has already continued the trial until the Third Circuit rules on the preliminary injunction. Finally, plaintiffs' new claims are based upon the same factual allegations which underlie the original invasion of privacy claim.

■ Defendants understandably complain, however, that the proposed amendments violate both the spirit and the letter of the notice pleading requirements of the Federal Rules of Civil Procedure. Rule 8 directs that complaints shall contain "short and plain statement[s]" which are "simple, concise, and

direct." Fed.R.Civ.P. 8(a) & (e). Plaintiffs' amended complaint, stretching 108 pages and more than 600 paragraphs, is hardly a model of concise pleading. Plaintiffs, however, only amended their complaint after defendants' request at the pretrial conference for more specificity. There is no doubt that the amended complaint is amply more specific. Nevertheless, the Court sees no reason pursuant to Rule 8 to deny the amended complaint.

■ Defendants' second reason for opposing the motion warrants closer review. Defendants note this Judge's previous ruling that "leave to amend should be denied when the proposed amendment would not sufficiently set forth a claim upon which relief could be granted, so that the amendment would be a futile act." *Klitzner Industries, Inc. v. H.K. James & Co., Inc.*, 96 F.R.D. 614, 617 (E.D.Pa.1983). The Third Circuit has also ruled that an amendment is considered futile "if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988).

Defendants contend that this Court lacks personal jurisdiction over Jane Akre, and thus the proposed amendment to add her as a defendant should be denied as futile. Defendants further contend that plaintiffs' claims for negligence should be rejected as futile, because the tort of intrusion upon seclusion must be intentional. It is not clear at this stage of the proceedings, however, that permitting these additions would be futile.

In their brief and again at the hearing, defendants argued that Ms. Akre's contacts with Pennsylvania were insufficient to provide personal jurisdiction under the Commonwealth's long-arm statute, 42 Pa.C.S.A. § 5322. Defendants alleged that Ms. Akre only contacted Mrs. Wolfson's sister, Mrs. Shoemaker, a non-party in the suit, and never contacted the plaintiffs. Without additional evidence, however, the Court cannot adequately rule on this issue. Defendants' arguments are more timely presented in a motion to dismiss which sets forth the legal and factual reasons—and provides plaintiffs an opportunity to respond—why this Court might lack personal jurisdiction over Ms. Akre.

■ Defendants also challenge the substantive merit of plaintiffs' negligence and statutory claims. At the hearing, defendants argued that the First Amendment to the U.S. Constitution, as well as Pennsylvania and Florida law, do not support a cause of action for negligence where the gravamen of the injury is invasion of privacy—claiming essentially that the press could not be held liable for negligent invasions of privacy. Second, defendants argued that plaintiffs conceded in a discovery pleading that they were not pursuing physical or emotional damages, so that the negligence claims must fail as a matter of law. Finally, defendants challenged the plaintiffs' standing under the federal and state wiretapping statutes on the grounds that the amended complaint alleges interceptions of the Wolfsons' security officers' speech, not the plaintiffs' speech. *See* Proposed Amended Complaint, ¶¶ 441–487.

Without additional support, however, the Court finds it premature to rule on the merits of defendants' substantive arguments. As with personal jurisdiction, *supra*, defendants' oppositions to the amended complaint are more timely presented in motions which set forth the legal and factual reasons—and provide plaintiffs an opportunity to respond—why the negligence and statutory claims should be rejected.

For the foregoing reasons, the Court holds that permitting plaintiffs to amend their complaint will neither prejudice the defendants, delay the trial, nor prove futile. Indeed, none of the factors articulated by the Supreme Court in *Foman, supra,* apply. Rather, justice requires that plaintiffs be afforded an opportunity to test their claims on the merits. Accordingly, the Court grants plaintiffs' motion for leave to file the amended complaint in its entirety.

An appropriate Order follows.

### ORDER

AND NOW, this 15th day of October, 1996, for the reasons set forth in this Court's Memorandum of the same day;

IT IS ORDERED: Plaintiffs' motion filed July 1, 1996 for leave to file the amended complaint is *GRANTED;*

IT IS FURTHER ORDERED: All discovery shall be completed by February 1, 1997. The Court's Order of August 26, 1996, continuing the Final Pretrial Conference and Trial in this action to dates to be determined following the Third Circuit's ruling on the preliminary injunction shall remain in full force and effect. In no event, however, shall said Final Pretrial Conference or Trial be scheduled before February 1, 1997.