**FIRST SAVINGS BANK, F.S.B., Plaintiff,**

**v.**

**U.S. BANCORP and U.S. Bank National Association, Defendants.**

No. 95–4020–SAC.

United States District Court,
D. Kansas,
Topeka Division.

July 23, 1998.

Elizabeth R. Herbert, Pedro L. Irigonegaray, Robert V. Eye, Irigonegaray & Associates, Topeka, KS, Thomas H. Van Hoozer, Robert D. Hovey, John M. Collins, Hovey, Williams, Timmons & Collins, Kansas City, MO, for First Savings Bank.

Brett C. Coonrod, Edward W. Mullen, Thomas M. Deacy, Deacy & Deacy, Kansas City, MO, Peter Lancaster, Dorsey & Whitney, Minneapolis, MN, Stephen R. Baird, Dorsey & Whitney, L.L.P., Minneapolis, MN, Ronald J. Brown, Minneapolis, MN, for defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendants' motion to review (Dk. 261) the magistrate judge's order filed September 26, 1997, (Dk. 257), which granted the plaintiff's motion for leave to file a supplemental complaint. The defendants also have pending a motion to supplement (Dk. 287) their motion to review the magistrate judge's order. The following is the court's ruling on both pending motions.

## PROCEDURAL BACKGROUND

On January 31, 1995, the plaintiff First Savings Bank filed this trademark infringement case seeking to enjoin the defendants from using the names and marks of "First Bank(s)," "First Bank System," or "First Bank Kansas" for the defendants' banks servicing the Kansas counties of Douglas, Riley, Geary, Pottawatomie . and Marshall. The complaint did not include any prayer for monetary damages. The parties entered into a stipulation on February 9, 1995, that limited the defendants' use of "First Bank" and similar names in these five counties pending final judgment by the court. (Dk. 10). In a subsequent scheduling order, the court adopted the parties' stipulation, consolidated the preliminary injunction hearing with the trial on the merits, and established an expedited discovery schedule.

With leave of the court, the defendants filed a late motion for summary judgment, (Dk. 127), and the plaintiff filed a cross motion for summary judgment (Dk. 142). The court granted the defendants' motion for summary judgment (Dk. 198). *First Savings Bank, F.S.B. v. First Bank System, Inc.*, 902 F.Supp. 1366 (D.Kan.1995). Judgment was entered on July 11, 1995. (Dk. 199). The plaintiff thereafter moved to supplement the record (Dk. 201) and filed a notice of appeal from the summary judgment order (Dk. 203). The court denied the motion to supplement the record (Dk. 217), *First Savings Bank, F.S.B. v. First Bank System, Inc.*, 1995 WL 646805 (D.Kan. Sep. 26, 1995). The plaintiff filed an amended notice of appeal which included that order (Dk. 219). The plaintiff moved to restore the injunction during the pendency of the appeal. (Dk. 207). The court denied this requested relief, (Dk. 222). *First Savings Bank, F.S.B. v. First Bank System, Inc.*, 163 F.R.D. 612 (D.Kan.1995). The plaintiff did not file an amended notice of appeal concerning this last order.

On appeal, the Tenth Circuit reversed the summary judgment order holding instead that the defendants' 1971 registration is not confusingly similar to the plaintiff's service

mark and that the defendants, as a matter of law, cannot prevail on their constructive notice defense based upon the 1971 registration. *First Savings Bank, F.S.B. v. First Bank System, Inc.,* 101 F.3d 645, 656–57 (10th Cir.1996). The Tenth Circuit filed its decision on November 27, 1996, and the mandate reversing and remanding the case was filed here on December 27, 1996. (Dk. 231).

On December 18, 1996, the plaintiff filed its motion for leave to file supplemental complaint to add a claim for damages based on the defendants' use of the marks after the original complaint was filed. (Dk. 227). The motion was referred to the magistrate judge. The plaintiff also filed that same day its demand for a jury trial. (Dk. 229). The defendants opposed the motion (Dk. 232), and the plaintiff replied (Dk. 234).

On January 29, 1997, five days after the plaintiff's reply brief, the defendants moved for oral argument or surreply on the plaintiff's motion for leave. (Dk. 235). The magistrate judge granted the defendants' motion as uncontested. (Dks. 250 and 251). The defendants filed their surreply on August 4, 1997. (Dk. 252). The plaintiff asked the magistrate judge to reconsider these orders arguing that the defendants were not entitled to file a surreply. (Dk. 253).

The magistrate judge issued his decision now on review on September 26, 1997. (Dk. 257). The order states that the defendants' surreply was not considered, as "[t]here is no provision for the filing of a surreply absent leave of court which was not sought or granted." (Dk. 257, p. 1). The magistrate judge referred to the standards governing a Fed. R.Civ.P. 15(d) motion to supplement and observed that they are identical to those governing a Rule 15(a) motion to amend. The magistrate judge granted the motion, finding in pertinent part:

> While arguably plaintiff could have sought leave to supplement its complaint prior to the entry of summary judgment for damages now claimed, plaintiffs' counsel were undisputably occupied with the preparation of the case for trial. After the Tenth Circuit Court of Appeals entered its order reversing the district court's order and remanding the case for further proceedings, plaintiff filed the instant motion within three weeks. The court does not find undue delay in pursuing the filing of the instant motion. Any delay is adequately explained by the procedural history of the case. There is no evidence of bad faith on behalf of plaintiff either in the filing of the motion or the timing of such filing. Although defendants claim they will be prejudiced, no discovery has been conducted on monetary damages. The case has not been set for trial. Any prejudice could be remedied by reopening discovery on damages issues. Consequently, there will be no prejudice to defendants. The court, therefore, finds that good cause does not exist for denying plaintiff leave to file the supplemental complaint.

> As to the plaintiff's request for jury trial, the court finds plaintiff would not have been entitled to a jury trial on claims set forth in the original complaint as only equitable relief was requested. By permitting plaintiff to supplement its complaint to include a count for damages, plaintiff is now entitled to request a jury trial. Accordingly, the court will grant plaintiff leave to supplement its complaint to include a request for jury trial.

(Dk. 257, p. 4). The defendants filed their motion for review of this order on October 14, 1997. (Dk. 261).

On June 11, 1998, the defendants moved to supplement their motion to review. (Dk. 287). The defendants seek to have the district court consider excerpts from depositions of plaintiff's designated Rule 30(b)(6) witnesses, James Wild and Gerald Sprong. The defendants offer these excerpts as admissions "that the plaintiff believed it had already been damaged at the time the suit was filed." (Dk. 288, p. 2). The defendants argue that "if plaintiff knew of its damage claim before it filed suit, its failure to include a request for damages in its complaint waived that claim, and the Magistrate Judge erred in allowing amendment to add that claim." (Dk. 288, p. 3). The plaintiff insists the district court may not expand the record in its review of a magistrate judge's nondispositive ruling. The plaintiff further maintains the evidence is irrelevant as their

supplemental complaint is concerned exclusively with damages arising from defendants' use of the alleged infringing marks after the filing of the original complaint.

## STANDARD OF REVIEW

■ The district court's standard of review of a magistrate judge's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters, the district court reviews the magistrate judge's order under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); *Deghand v. Wal–Mart Stores, Inc.*, 904 F.Supp. 1218, 1220 (D.Kan.1995). A magistrate's ruling on a motion for leave to file an amended complaint or a supplemental complaint is a nondispositive ruling subject to review under this deferential standard. *See, e.g., Jones v. Hamelman*, 869 F.2d 1023, 1026 (7th Cir. 1989); *Deghand v. Wal–Mart Stores, Inc.*, 904 F.Supp. at 1220; *Marcus v. St. Tammany Parish School Board*, 1996 WL 512305 (E.D.La. Sept. 9, 1996) (No. 95–3140). The clearly erroneous standard means the district court must affirm the magistrate judge's order unless the district court has the definite and firm conviction from all the evidence that error has occurred. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461–62 (10th Cir.1988).

## MOTION TO SUPPLEMENT

■ When reviewing dispositive matters, the district court makes a de novo determination and may receive "further evidence." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). In contrast, these same provisions do not authorize a district court to take additional evidence on review of nondispositive rulings. Thus, the oft-stated rule is that a district court may not receive further evidence when reviewing a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *See, e.g., Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Coles v. Arizona Charlie's*, 992 F.Supp. 1214, 1217–18 (D.Nev.1998); *Roberson v. AlliedSignal, Inc.*, No. 95–CV–0616, 1997 WL 222359, at *3 (N.D.N.Y. Mar. 21, 1997); *Scott Paper Co. v. United States*, 943 F.Supp. 501, 502 (E.D.Pa.1996); *Holmes Products Corp. v. Dana Lighting, Inc.*, 926 F.Supp. 264, 266 (D.Mass.1996).

■ The defendants argue the district court may consider such additional evidence on the authority of *United States v. Frans*, 697 F.2d 188, 192 n. 3 (7th Cir.), *cert. denied*, 464 U.S. 828, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983); *Empire Gas Corp. v. American Bakeries Co.*, 646 F.Supp. 269 (N.D.Ill.1986); and *First Savings Bank, F.S.B. v. First Bank System, Inc.*, 101 F.3d 645 (10th Cir.1996). These authorities either do not support the defendants' stated position or are not persuasive here.

In *Frans*, the Seventh Circuit characterized the magistrate judge's order compelling disclosure of the government's confidential informant as a recommendation under § 636(b)(1)(B) which the district court on review could "satisfy itself that the recommended actions [were] ... fair and proper by receiving additional evidence." 697 F.2d at 192 n. 3. Even though § 636(b)(1) does not indicate that such a ruling would be subject to de novo review, the Seventh Circuit in *Frans* apparently held "that district court can choose to conduct a de novo review ... under § 636(b)(1)(A)." *LaPorta v. City of Chicago*, No. 95–C–2899, 1998 WL 89130, at *2 n. 2 (N.D.Ill. Feb. 13, 1998); *see Empire Gas Corp. v. American Bakeries Co.*, 646 F.Supp. 269, 275 (N.D.Ill.1986). "However, as Judge Hart in *American Motors Corp. v. Great American Surplus Lines Insurance Co.*, explains: 'Frans does not require de novo review nor even make it the ordinary procedure; it only makes de novo review an available option under § 636(b)(1)(A).' 1988 WL 2788, at *1 (N.D.Ill.1988)." *LaPorta*, 1998 WL 89130, at *2 n. 2. Whatever interpretation one may want to give it, the *Frans* decision predates the Supreme Court decision of *Gomez v. United States*, 490 U.S. 858, 868, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), which held that "[a] magistrate also could be assigned to 'hear and determine any pretrial matter,' subject to reconsideration by the district court on a showing that 'the magistrate' order is clearly erroneous or contrary to law.' § 636(b)(1)(A)." (footnote omitted). Moreover, the *Frans* decision is contrary to Tenth Circuit precedent holding that a "district court must defer to the magistrate judge's ruling unless it is clearly erroneous

or contrary to law. 28 U.S.C. § 636(b)(1)(A)." *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.) (citation omitted), *cert. denied,* —— U.S. ——, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997). Finally, the court in *Frans,* in fact, relied on decisions which discussed the receipt of additional evidence upon de novo review of dispositive matters. *See, e.g., United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (Magistrate judge issued recommended findings on a motion to suppress); *United States v. Southern Tanks, Inc.,* 619 F.2d 54, 55 (10th Cir.1980) (Magistrate judge filed a report with findings that was expressly subject to the district court's approval); *Muhich v. Allen,* 603 F.2d 1247, 1251 (7th Cir.1979) (Magistrate judge filed report and recommendation). Consequently, this court does not consider *Frans* or *Empire Gas* to be persuasive authority in this circuit.

The court disagrees with the defendants' reading of an earlier order in this case. As reflected in its published opinion appearing at 902 F.Supp. 1356, the district court reviewed and set aside the magistrate judge's order (Dk. 100) that compelled production of certain documents and the magistrate judge's order (Dk. 156) that overruled the defendants' motion to reconsider the earlier order. The district court considered matters that the defendants had submitted with their motion to reconsider which the magistrate judge had refused to consider in his latter order as untimely. Contrary to the defendants' reading, the district court did not expand the record beyond that pending before the magistrate judge but simply chose to consider that evidence which was before the magistrate judge when he denied the motion to reconsider. In short, the district court did not entertain additional evidence but only disagreed with the magistrate judge's refusal to consider evidence presented to him. Neither the district court's opinion nor the Tenth Circuit's comment on appeal stand for the position that a district court in review of a nondispositive ruling may consider evidence never brought before the magistrate judge.

Consistent with the authorities and analysis discussed above, the court denies the defendants' motion to supplement its motion to review. Even if this evidence were part of the record for review, the court believes it would not impact its decision to affirm the magistrate judge's holding.

## SURREPLY

As outlined above, the defendants filed with the magistrate judge a motion for oral argument or for leave to file a surreply on the plaintiff's motion for leave to file a supplemental complaint. (Dk. 235). The magistrate judge granted the defendants' motion as uncontested. (Dks. 250 and 251). The defendants filed their surreply on August 4, 1997. (Dk. 252). The plaintiff asked the magistrate judge to reconsider these orders arguing that the defendants were not entitled to file a surreply. (Dk. 253). In his order, the magistrate judge said:

> Defendants' surreply has not been considered by the court. D. Kan. Rule 7.1(b) provides for the filing of a responsive memorandum and a reply. There is no provision for the filing of a surreply absent leave of court which was not sought or granted.

(Dk. 257, p. 1). The record plainly reflects that the defendants sought leave and the magistrate judge granted leave in sustaining the defendants' motion for leave as uncontested. The magistrate judge did not indicate any ruling with respect to the plaintiffs' motion to reconsider. Even if the magistrate judge erred in not considering the defendants' surreply, the district court does not believe the arguments in the surreply would have affected the magistrate judge's ruling. More importantly, the court knows that the surreply does not affect now its decision to affirm the magistrate judge's order.

## FED.R.CIV.P. 15(d) STANDARDS

Rule 15(d) of the Federal Rules of Civil Procedure provides, in pertinent part: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A party may supplement its complaint by adding new claims to the action

"when subsequent events make it necessary to do so." 3 James Wm. Moore et al., Moore's Federal Practice § 15.30, at 15–107 (3d ed.1997) (citations omitted); *accord Klos v. Haskell,* 835 F.Supp. 710, 715 (W.D.N.Y. 1993), *aff'd,* 48 F.3d 81 (2d Cir.1995).

■ As with a Rule 15(a) motion to amend, the decision to grant or deny a Rule 15(d) motion to supplement rests with the sound discretion of the district court. *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir.1995); *see Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir.1989). In fact, the court's standard for exercising discretion on a motion to supplement is the same as that for disposing of a motion to amend under rule 15(a). *See Wolfson v. Lewis,* 168 F.R.D. 530, 533 (E.D.Pa.1996); *Katzman v. Sessions,* 156 F.R.D. 35, 38 (E.D.N.Y.1994). "This discretionary approach of the federal rules fosters a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding." *Katzman v. Sessions,* 156 F.R.D. at 38. Indeed, "[t]he purpose of [Rule 15(d) ] is to promote as complete an adjudication of the dispute between the parties as is possible." *LaSalvia v. United Dairymen of Arizona,* 804 F.2d 1113, 1119 (9th Cir.1986) (quotation omitted), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987).

## ANALYSIS

■ The defendants argue the plaintiff's motion to supplement is untimely in being based on events that precede the filing of the original complaint. According to the defendants, "any event that might support a damage claim ... existed *before* the filing date of the Complaint." (Dk. 262, p. 12). The defendants say that as of the original complaint the plaintiff knew, believed and even alleged it had been damaged by the defendants and "chose, for strategic reasons, neither to ask for damages nor to seek a jury trial." (Dk. 262, p. 13). The defendants attack the plaintiff for undue delay in seeking this claim for damages, considering that expedited discovery was concluded long before this motion was ever filed. The defendants complain they will be greatly prejudiced by this new claim in that discovery must be reopened, depositions of numerous witnesses must be retaken, and resolution of the case must be delayed. The defendants accuse the plaintiff of bad faith in not admitting its real reason for the supplemental complaint is to change its legal strategy. Finally, the defendants say the plaintiff's demand for jury is almost two years late.

The district court believes the magistrate judge's order adequately and appropriately addresses each of the defendants' arguments. There is no reason to discuss each of the defendants' arguments at length, for the magistrate judge's decision is plainly reasonable under all the argued circumstances. The court limits its comments to the following.

By its supplemental complaint, the plaintiff only seeks to add a claim for damages that resulted from the defendants' actions occurring after the filing of the original complaint. While the plaintiff may have believed at the time of the original complaint that it sustained some damages from the defendants' earlier mailings, the plaintiff's supplemental complaint does not purport to seek damages for that conduct. Logically, such a claim for pre-complaint damages would have been difficult to calculate and definitely far more limited in nature and amount than those allegedly sustained after the defendants began unrestricted use of the service mark during the pendency of the appeal. It is true that the plaintiff could have added a damage claim prior to summary judgment based on the defendants' conduct permitted under their stipulation. Such a claim, however, plainly would have lengthened the discovery process and would have interfered with the plaintiff's efforts to secure prompt injunctive relief through the expedited proceedings already underway. After the summary judgment order was reversed on appeal, the plaintiff timely sought leave to add a damages claim based on conduct occurring after the filing of the original complaint. Under these circumstances, the magistrate judge did not clearly err in finding that any delay had been "adequately explained by the proce-

dural history of the case."[1]

This court agrees with the magistrate judge that the defendants have overstated any prospects of prejudice from the plaintiff's decision now to add this claim for monetary damages. If the plaintiffs had pleaded a damages claim prior to summary judgment, the parties would now be taking much of the same additional discovery due to the defendants' decision to proceed with full use of the contested service mark while the case was on appeal. Consequently, the defendants are not in a reasonable position to argue prejudicial delay and expense as a result of the plaintiff's later claim for damages. Nor have the defendants shown that this discovery on damages will require them to expend significant additional resources or to commit substantial additional time to this case.[2] The magistrate judge's findings on prejudice are not clearly erroneous.

The record does not show that the plaintiff's only reason for now adding the damages claim is a change in legal strategy. If anything, the record demonstrates that the defendants' use of the challenged mark during the pendency of appeal has changed the circumstances of this case which, in turn, has caused the plaintiff to modify its legal strategy to include a claim for damages. The court finds that the plaintiff has candidly admitted the same in its filings in support of its motion for leave to file a supplemental complaint. The defendants' accusations of bad faith are not supported by the record.

The district court agrees with the magistrate judge's ruling that permitted the plaintiff to include a request for jury trial. Prior to its damages claim, the plaintiff was not entitled to a jury trial on the claims for equitable relief. By having added a claim for damages, the plaintiffs are for the first time in a proper position to request a jury trial. The court finds nothing clearly erroneous in the magistrate judge's ruling.

IT IS THEREFORE ORDERED that the defendants' motion to supplement (Dk. 287) is denied;

IT IS FURTHER ORDERED that the defendants' motion to review, modify and set aside (Dk. 261) the magistrate judge's order is denied.

---

1. "Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay." *Deghand v. Wal–Mart Stores, Inc.,* 904 F.Supp. 1218, 1221 (D.Kan.1995) (citation omitted).

2. The prospect of additional discovery does not by itself foreclose a motion to amend. *United States v. Continental Illinois National Bank & Trust Co.,* 889 F.2d 1248, 1255 (2d Cir.1989).