United States Court of Appeals,

Fifth Circuit.

No. 93-4262

Conference Calendar.

Woody VOINCHE, Plaintiff-Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION and U.S. Department of Justice, Defendants-Appellees.

Sept. 3, 1993.

Appeal from the United States District Court for the Western District of Louisiana.

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:

Voinche challenges the district court's grant of summary judgment and dismissal without prejudice of his Freedom of Information Act (FOIA) suit. 5 U.S.C. § 552. Voinche filed suit under 5 U.S.C. § 552(a)(6)(A)(i), arguing that the Federal Bureau of Investigation (FBI) had failed to release certain documents pursuant to his FOIA request. The district court dismissed Voinche's suit because Voinche had failed to exhaust his administrative remedies regarding his challenge to the adequacy of the FBI's response to his FOIA request and because Voinche's suit under § 552(a)(6)(A)(i) had been rendered moot by the FBI's response to his FOIA request.

Summary judgment is reviewed *de novo,* under the same standards the district court applies to determine whether summary judgment is appropriate. *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991). It is proper when, viewing the evidence in the light most favorable to the non-movant, " "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The Freedom of Information Act requires exhaustion of administrative remedies prior to seeking judicial review. *Voinche v. United States Dep't of Air Force,* 983 F.2d 667, 669 (5th Cir.), *petition for cert. filed,* 61 U.S.L.W. 3820 (May 17, 1993) (No. 92-1870). If an agency has not complied within the statutory time limits of an FOIA request, the requester shall be deemed to have

exhausted his administrative remedies and bring suit. *See* 5 U.S.C. § 552(a)(6)(C). However, in an action based on § 552(a)(6)(C), the issue is not whether the requestor should have ultimate access to the records. *See Open America v. Watergate Special Prosecution Force,* 547 F.2d 605, 607 (D.C.Cir.1976). The issue is under what time constraints administrative agencies should be compelled to act by the court at the behest of a requester. *Id.* at 607-08.

Although Voinche exhausted his administrative remedies pursuant to § 552(a)(6)(C) in order to challenge the tardiness of the FBI's response, he has not challenged the adequacy of the FBI's response administratively. Insofar as Voinche challenged the tardiness of the FBI's response, his claim was rendered moot by the FBI's response to his request. Because a suit pursuant to § 552(a)(6)(C) challenges only the timeliness of an agency's response, the issue whether the agency's response was adequate is not apposite.[*]

Because Voinche's claim was rendered moot by the FBI's response and because judicial review of the adequacy of the FBI's response is precluded by Voinche's failure to seek administrative review, there is no genuine issue of material fact. The judgment of the district court is AFFIRMED.

---

[*]Because the purpose of a *Vaughn* index is to evaluate the adequacy of an agency's response to a FOIA request, Voinche's request for such was also correctly denied by the district court. *See Vaughn v. Rosen,* 484 F.2d 820, 828 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).