Eyal KATZMAN, Plaintiff,

v.

William SESSIONS, Director, Federal Bureau of Investigation, Defendant.

No. 92–CV–6055 (JS).

United States District Court, E.D. New York.

June 20, 1994.

Eyal Katzman, pro se.

United States Attorney's Office, E.D.N.Y. by Leslie Brodsky, Asst. U.S. Atty., Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

This is an action brought by a *pro se* plaintiff under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Federal Bureau of Investigation (the "FBI," or the "Bureau") to furnish certain information that was the subject of an earlier administrative information request. Plaintiff now moves for leave to amend his complaint to assert, *inter alia,* an additional FOIA claim pertaining to a separate information request that he alleges was insufficiently responded to. For the reasons discussed herein, plaintiff's motion is granted.

## BACKGROUND

According to plaintiff's original complaint, on February 17, 1990 plaintiff filed an information request with the FBI seeking information concerning an individual named Nor-

man David Mayer. The Bureau acknowledged receipt of this request by letter dated April 6, 1990, and assigned the identifying number 288665 to this matter. Plaintiff contends that as of December 23, 1992—the date that he filed the instant action—he had received no substantive response from the Bureau concerning the information he requested. He further asserts that this delay directly contradicted information provided via telephone to his attorney by an employee of the Bureau who had advised that a full response would be received by January, 1992. Plaintiff therefore seeks a court order requiring the FBI to disclose fully the requested information.

Plaintiff, moving pursuant to Rule 15 of the Federal Rules of Civil Procedure, now applies for leave of Court to amend his complaint. The proposed amendment would contain two additional substantive elements. First, plaintiff now contends that although the requested information concerning Norman David Mayer has been provided to him, the information furnished failed to comply fully with the Court's order so directing because certain portions of the materials were deleted while other requested information was withheld.

Second, plaintiff seeks to supplement his complaint to assert an additional claim. He alleges that on three separate occasions—on December 29, 1988 and on March 10, 1992 by the FBI's Washington, D.C. headquarters, and on November 24, 1993 by the Los Angeles field office—the Bureau denied his requests to disclose FBI files pertaining to him, responding that no such information existed. Plaintiff further alleges that these responses contradicted the Bureau's position as stated in a correspondence dated November 18, 1993, whereby the Bureau informed plaintiff that a file was maintained on him within its New York field office. In this same correspondence, the Bureau nevertheless advised him that the exemption provisions of the FOIA prevented the disclosure of the requested information, writing in pertinent part:

Reference is made to your Freedom of Information/Privacy Acts (FOIPA) request dated August 23, 1993 and my letter to you dated September 10, 1993.

A search of the indices to the Central Records Systems (CRS) as maintained in the New York Office (NYO) of the Federal Bureau of Investigation (FBI) disclosed material responsive to your request.

This material is being withheld in their entirety to protect information which is exempt from disclosure pursuant to the following subsections of Title 5, United States Code, Sections 552 and 552(a):

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings.

You may appeal this denial by writing to the Assistant Attorney General, Office of Legal Policy (Attention: Office of Information and Privacy), United States Department of Justice, Washington, D.C., 20530, within thirty days of receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the name of the office to which your original request was directed.

Plaintiff's Notice of Motion to Amend Complaint, Ex. 10 (E.D.N.Y. Feb. 4, 1994).

Plaintiff asserts in his proposed amended complaint that the foregoing denials of his information requests recited inaccurate information and were made in bad faith. First, he claims that the statutory exemptions to disclosure cited within the Bureau's correspondence dated November 18, 1993 presume his participation in criminal activity; plaintiff asserts meanwhile that he does not have a criminal record, and that no criminal proceedings are pending against him. Second, he argues that the Bureau's continued response that no records matched his name was inconsistent with the information that should have been available to the Bureau. Specifically, plaintiff alleges that the unique-

ness of his name should have rendered it easily traceable, that he was informed in 1990 by an individual named Aubrey E. Mayer that a complaint had been filed against him with the FBI, and that his immigration status as a resident alien should have generated a record through the Immigration and Naturalization Service ("INS"). In light of the foregoing, plaintiff seeks a court order directing the Bureau to produce fully the requested materials.

The Government has filed a letter in opposition to plaintiff's motion to amend his complaint. The Government's argument distinguishes between the requests responded to by (i) the FBI's Washington, D.C. headquarters and Los Angeles field office, and (ii) the Bureau's New York field office. With respect to the former, the Government argues that neither of these units maintain any files on the plaintiff and that therefore his claims would be unable to survive a motion to dismiss made pursuant to Fed.R.Civ.P. 12(b)(6). In support of this assertion, the Government has provided a copy of an undated and unsigned letter allegedly sent by the co-director of the United States Department of Justice, Office of Information of Privacy, acknowledging the receipt of plaintiff's administrative appeal by his office on January 6, 1994. Plaintiff does not dispute the authenticity of this letter. The letter further provides that the Bureau was unable to find records responsive to plaintiff's earlier request to the Bureau's Los Angeles field office. The letter concludes by informing the plaintiff that if he wishes to pursue this matter further, he should bring suit in federal court.

With respect to plaintiff's proposed claim in connection with his request to the New York field office, the Government, citing *Oglesby v. United States Department of the Army*, 920 F.2d 57 (D.C.Cir.1990), asserts that the Court would lack subject matter jurisdiction over such claim, arguing that an administrative appeal was still pending as of the date of the Government's response to the Court.

By letter dated June 13, 1994, plaintiff filed supplementary materials with the Court in connection with the instant motion. Among the materials submitted was a correspondence from the Department of Justice, dated May 25, 1994, informing plaintiff that aside from records pertaining to his previous FOIA request concerning a third party (presumably Norman David Mayer), it was unable to locate any records pertaining to him within its files. *See* Plaintiff's Request for Leave to Submit Additional Materials on Motion to Amend, Ex. B (E.D.N.Y. June 13, 1994). This response would appear to contradict the Justice Department's earlier correspondence dated November 18, 1993 which had indicated that a review of files within the New York office disclosed records responsive to his request, but that such information would be withheld pursuant to certain statutory exemptions to disclosure under the FOIA. As to the availability of further administrative review, the correspondence provides:

> If you consider my response to be a denial of your appeal, you may seek judicial review in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia, or in the Southern District of New York, which is where the search was conducted for the records you seek.

*Id.*

Thus, in light of this recent correspondence from the Department of Justice, it would appear that plaintiff now has fully exhausted his administrative remedies with respect to each of the claims that he proposes to assert.

### DISCUSSION

At the outset, the Court notes that plaintiff's proposed additions to his complaint principally recite transactions, occurrences or events that have transpired since the date of the pleading sought to be supplemented. The plaintiff's motion therefore is technically categorized under Rule 15(d) of the Federal Rules of Civil Procedure,[1] as opposed to un-

---

1. Rule 15(d) of the Federal Rules of Civil Procedure provides:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are

der Rule 15(a).[2] The latter subsection is designed chiefly to allow a party to replead or to add facts or claims that arise either prior to or contemporaneous with the allegations stated within the original complaint. *See* 6 Charles A. Wright et al., Federal Practice and Procedure § 1473, at 521 (2d ed. 1990). This distinction, however, is best confined to its nomenclature for the application at hand because " '[t]he standard for the exercise of discretion on a motion to supplement the pleadings [under Rule 15(d) ] is the same as that for ... a motion to amend a complaint under Rule 15(a).' " *Klos v. Haskell,* 835 F.Supp. 710, 715 (W.D.N.Y.1993) (quoting *Gittens v. Sullivan,* 670 F.Supp. 119, 123–24 (S.D.N.Y.1987), *aff'd,* 848 F.2d 389 (2d Cir.1988)); *see* 6 Wright, *supra* § 1473, at 521. Accordingly, to the extent the subsequent analysis draws upon the language of Rule 15(a) or cites to decisional law addressing its concepts, the Court does so by means of analogy.

Under Rule 15(d) of the Federal Rules of Civil Procedure, a federal district court may "upon reasonable notice and upon such terms as are just, permit [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). This discretionary approach of the federal rules fosters a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding. Where, as in the instant case, the movant is a *pro se* litigant, the Second Circuit Court of Appeals has further instructed that a federal district court should construe the pleading "liberally and ... apply a more flexible standard in determining [its] sufficiency ... than [it] would in reviewing a pleading submitted by counsel." *Platsky v. CIA,* 953 F.2d 26, 28 (2d Cir.1991).

■ In order for an application to supplement a pleading to be denied, the nonmovant must demonstrate either bad faith on the part of the moving party, the futility of the claims asserted within the application, or undue prejudice to the nonmovant. As to the second of these items, a proposed pleading will be considered futile if it fails to state a claim that could withstand a motion to dismiss. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir. 1979); *Respass v. New York City Police Dep't,* 852 F.Supp. 173, 176 (E.D.N.Y.1994); *Szabo v. Reilly,* 91 Civ. 5209 (JFK), 1994 WL 38684, at *2 (S.D.N.Y. Feb. 4, 1994) (denying proposed amendment to complaint because of plaintiff's failure to exhaust administrative remedies); *Barrett v. United States Banknote Corp.,* 806 F.Supp. 1094, 1098 (S.D.N.Y. 1992); *McNally v. Yarnall,* 764 F.Supp. 853, 855 (S.D.N.Y.1991).

■ Further, a showing of prejudice sufficient to prevent the assertion of a new claim or defense may not be deduced from mere allegations of delay. *See Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (citing *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)). Rather, the relevant inquiry considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) signifi-

just, permit the party to serve a supplemental pleading setting forth *transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.* Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.
Fed.R.Civ.P. 15(d) (emphasis added).

2. Rule 15(a) of the Federal Rules of Civil Procedure provides:
A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the plead-ing is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
Fed.R.Civ.P. 15(a).

cantly delay the resolution of the dispute; or (iii) prevent the [party] from bringing a timely action in another jurisdiction." *Id.; see also id.* ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Turning to the instant application, defendant is unable to make the requisite showing necessary to overcome Rule 15's liberal policy favoring a merit-based resolution of the entire controversy between the parties. First, defendant does not assert that plaintiff has moved in bad faith. Second, defendant has not demonstrated that it would suffer undue prejudice if plaintiff's application were granted. To the contrary, the Court finds that plaintiff's proposed supplements would promote the economic and speedy disposition of the entire controversy between the parties. Finally, because plaintiff has presented documentation showing that he now has exhausted his administrative remedies with the Department of Justice, defendant is unable to persuade the Court at this juncture that any of the claims to be asserted clearly would be futile. Accordingly, plaintiff's application is granted.

## CONCLUSION

Plaintiff's motion to supplement his complaint is granted. Fed.R.Civ.P. 15(d). Plaintiff is instructed to file his supplemental complaint with the Court by July 8, 1994 in substantially the same form as that annexed to his notice of motion dated February 4, 1994, subject to the election set forth two sentences below. Plaintiff, by July 8, 1994, shall also serve a copy of the same upon defendant's counsel. If he so elects, plaintiff may address within his supplemental complaint the Department of Justice's alleged denial of his administrative appeal through its correspondence dated May 25, 1994. The determination of whether to file a responsive pleading thereto shall be left to the discretion of defendant's counsel, and if such course is chosen, a due date of July 28, 1994 shall attach to the filing of a supplemental answer and service of the same upon the plaintiff.

The Court hereby refers all pending and subsequent motions in this action to Chief Magistrate Judge A. Simon Chrein for his disposition or recommendation, as is determined to be appropriate, in accordance with 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure.

SO ORDERED.

