IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30352
Conference Calendar
_____


WOODY VOINCHE,

                                        Plaintiff-Appellant,

versus

CENTRAL INTELLIGENCE AGENCY,

                                        Defendant-Appellee.



- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CV-2203
- - - - - - - - - -
(October 17, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Woody Voinche filed a Freedom of Information Act (FOIA) request with the Central Intelligence Agency (CIA), requesting CIA reports on the former Soviet Union's ability to alter the weather. The CIA advised Voinche that, due to a heavy volume of FOIA requests, it was unable to respond within the 10 working days stipulated by the FOIA.

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Voinche filed suit in the district court challenging the CIA's failure to respond timely to his request.  Pursuant to a motion by the CIA, the district court granted a six-month stay in the proceedings.  Subsequently, the CIA was granted an extension of time until March 4, 1995, to respond to Voinche's motion for release of the records.

On March 7, 1995, the CIA moved to dismiss Voinche's complaint pursuant to Fed. R. Civ. P. 12(b)(1) based on the fact that it had completed Voinche's FOIA request on March 3, 1995. The motion was granted.  This court reviews a district court's dismissal under Rule 12(b)(1) de novo.  Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994), cert. denied, 115 S. Ct. 2248 (1995).

"[A] case is moot when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496 (1969).  The CIA's response to Voinche's request rendered moot his challenge to the tardiness of the CIA's response.  See Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993).

Regarding Voinche's argument that the CIA misrepresented the date on which it released the documents, the CIA's notification that it would be releasing the documents after Voinche paid the applicable fee was sufficient to moot Voinche's suit.  See § 522(a)(6)(A)(i)(timeliness requirement applies to notification regarding whether the agency will comply, not actual release of the records).  The fact that the CIA did not respond to Voinche's request until after suit was filed is of no consequence.  See

<u>Voinche v. U.S. Dept. of Air Force</u>, 983 F.2d 667, 670 (5th Cir.) (citing <u>Rocky v. King</u>, 900 F.2d 864, 866 (5th Cir. 1990) ("The mootness doctrine requires that the controversy posed by the plaintiff's complaint be `live' . . . throughout the litigation.")), <u>cert. denied</u>, 114 S. Ct. 70 (1993).

Regarding Voinche's argument that the district court should have retained jurisdiction over his case until it was determined whether the CIA complied with his FOIA request, Voinche's suit challenged only the timeliness of the CIA's response; therefore, the issue whether the CIA's response was adequate is not apposite.  <u>See</u> <u>Voinche</u>, 999 F.2d at 963.  The judgment of the district court is AFFIRMED.