**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-30840**
**Summary Calendar**
_____


**R. E. PAYNE,**

**Plaintiff-Appellant,**

**versus**

**DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(95-CV-2968-A)**
_____

July 11, 1997

Before JONES, DeMOSS, AND PARKER, Circuit Judges.

PER CURIAM:[*]

        Appellant R.E. Payne appeals the district court's order granting the Department of Justice's and the Federal Bureau of Investigation's (the "FBI") motion for summary judgment and rejecting his FOIA requests.  For the following reasons, we affirm.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

In response to a defamation suit filed by John Volz against appellant R.E. Payne for information contained in several publications indicating that Volz had accepted bribes in connection with his position as a United States Attorney for the Eastern District of Louisiana and that Volz had ties to the Mafia, Payne submitted a request to the FBI under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Payne sought tape recordings made during a criminal investigation of reputed Mafia boss Carlos Marcello during the FBI's BRILAB operation. Payne also sought any FBI reports summarizing or characterizing the tape recordings. The Government notified Payne that they did not have any recordings or documents which would fulfill his request.

On September 8, 1995, Payne filed suit against the appellees asserting a right to injunctive and declaratory relief under the FOIA. He sought the same information he previously requested, except he expanded his request to include one additional date. On that same day, Payne also filed a Motion for a *Vaughn*[1] index. The district court denied Payne's motion, but reserved his right to reurge the motion "[o]nce the defendants have had sufficient time to review their files, answer the

---

[1] *See Vaughn v. Rosen,* 484 F.2d 820, 828 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 977 (1974). The purpose of a *Vaughn* index is to evaluate the adequacy of an agency's response to a FOIA request. *See Voinche v. FBI,* 999 F.2d 962, 963 n.* (5th Cir. 1993).

complaint, and prepare any dispositive motions." Payne never reurged the motion.

Pursuant to his newly expanded request, the FBI conducted another search to determine whether records or tape recordings responsive to Payne's request were located in its New Orleans Division. The search revealed six tape recordings. It was subsequently determined that, although responsive to Payne's request, the tapes would be withheld under Exemptions 3 and 7(c) of the FOIA, 5 U.S.C. § 552(b)(3), (b)(7).

On May 30, 1996, the Government filed a motion for summary judgment contending that it fully discharged its obligations to Payne because under the FOIA the search for the requested records was reasonable and the tape recordings were exempt. The district court granted the motion, holding that the tape recordings, having been obtained pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2521, fell within the scope of Exemption 3 of the FOIA. Payne timely appealed.

## DISCUSSION

We review *de novo* the district court's decision regarding whether items are exempt under FOIA. *See Avondale Indus., Inc. v. NLRB,* 90 F.3d 955, 958 (5th Cir. 1996); *Voinche v. FBI,* 999 F.2d 962, 963 (5th cir. 1993). In a FOIA case, the agency has the burden of justifying nondisclosure. *See* 5 U.S.C.

§ 552(a)(4)(B). To prevail, an agency must first establish that it conducted an adequate search for responsive documents, "using methods which can be reasonably expected to produce the information requested." *See Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 68 (D.C. Cir. 1990). An agency may establish reasonableness through affidavits that provide a reasonably detailed and non-conclusional description of the agency's search methods. *See Patterson v. IRS,* 56 F.3d 832, 836 (7th Cir. 1995). If the agency demonstrates that it conducted a reasonable search, the FOIA requester can rebut the agency affidavits by producing tangible evidence of bad faith. *See Minier v. CIA,* 88 F.3d 796, 803 (9th Cir. 1996) (citing *Carter v. U.S. Dep't of Commerce,* 830 F.2d 388, 393 (D.C. Cir. 1987)).

Once it is established that the agency conducted a reasonable search, the agency must then prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller v. United States Dep't of State,* 779 F.2d 1378, 1382-83 (8th Cir. 1985) (quoting *Nat'l Cable Television Ass'n v. FCC,* 479 F.2d 183, 186 (D.C. Cir. 1973))(internal quotation marks omitted). If the agency is asserting that a document is exempt from disclosure, it may sustain its burden through the submission of detailed affidavits or declarations that identify the documents and explain why they fall within the

4

claimed exemptions. *See King v. U.S. Dep't of Justice,* 830 F.2d 210, 217 (D.C. Cir. 1987).

Payne asserts that the FBI failed to perform a reasonable search and may have acted to conceal the tapes. He argues that the FBI should have found the tapes sooner and that the delay in locating the tapes shows the unreasonableness of the search. His argument is unavailing. The Government established the reasonableness of its search through the affidavits of Bobbie S. Olivari and Elizabeth M. Nemeth, the employees responsible for conducting the search. The affidavits set forth the manner in which the search was conducted, the files and databases searched, and the results of the search. Delay in locating a document is significant only to the extent that the evidence indicates that the delay resulted from a bad faith refusal to cooperate. *See Miller,* 779 F.2d at 1386; *Perry v. Block,* 684 F.2d 121, 128 (D.C. Cir. 1982) (adequacy of agency search upheld notwithstanding delay of over one and one-half years).

Payne also complains that certain tapes that he believes exist have not been listed. He avers that the failure of the FBI to list the tapes is further evidence of the inadequacy of the search and its bad faith. However, an agency affidavit is accorded a preemption of good faith, which cannot be rebutted by "purely speculative claims about the existence and

5

discoverability of other documents." *Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C. Cir. 1981).

Payne's allegations of conspiracy and cover-ups, without tangible evidence to support his assertions, are insufficient to overcome the Government's submissions. The agency's submissions establish that there is no genuine issue of material fact as to the reasonableness of the FBI's search.

Further, the district court determined that the tape recordings, having been obtained pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510-21, fell within the scope of Exemption 3 of the FOIA. Payne asserts only that the district court erred in determining that Title III communications fell within Exemption 3. His argument is without merit.

Exemption 3 of the FOIA exempts from disclosure matters that are:

> . . . specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). Title II prohibits the disclosure of materials obtained through the use of electronic surveillance except in very specific, limited circumstances. *See* 18 U.S.C. § 2517. Contrary to Payne's assertions, Title III falls squarely within the scope of Exemption 3 of FOIA. *See Davis v. United*

6

*States Dep't of Justice,* 968 F.2d 1276, 1280-81 (D.C. Cir. 1992); *Lam Lek Chong v. U.S. DEA,* 929 F.2d 729, 733-34 (D.C. Cir. 1991). The district court did not err in concluding that the subject tapes were exempt.

As to Payne's assertion that the district court erred in denying his request for a *Vaughn* index and responses to interrogatories, this court will intervene in discovery matters only upon a clear showing of manifest injustice -- where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party. *See Maynard v. CIA,* 986 F.2d 547, 567 (1st Cir. 1993). Payne's request for a *Vaughn* index was denied as premature, and the district court specifically reserved Payne's right to reurge his request. Payne chose not to do so. As to the interrogatories, Payne's attorney represented to the court that the information responsive to the interrogatories was possibly under seal in the BRILAB prosecution. The court directed Payne to file a motion to unseal and to keep the court apprised of his efforts. Again, Payne chose not to do so. The district court did not abuse its discretion, and we perceive no error here.

AFFIRMED.