**Thomas EISON, Plaintiff,**

v.

**James K. KALLSTROM, Asst. Director in Charge, James J. Roth, Chief Division Counsel, J. Kevin O'Brien, Chief Freedom of Information/Privacy Act Section, Defendants.**

**No. 98 Civ. 6277(SAS).**

United States District Court, S.D. New York.

June 29, 1999.

---

Thomas Eison, Wallkill, NY, pro se.

Silvia L. Serpe, Asst. U.S. Attorney, New York City, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. Factual Background

On October 29, 1996, Thomas Eison, a *pro se* plaintiff, submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the Long Island Field Office of the FBI, seeking information regarding his arrest for first degree robbery. *See* Declaration of Scott A. Hodes ("Hodes Dec."), Freedom of Information–Privacy Acts Section attorney-advisor for the FBI, Ex. A. The FBI acknowledged receipt of plaintiff's request in a letter dated November 21, 1996, which informed Eison that while the FBI had initiated a search for responsive material, there would be a considerable delay due to the high volume of requests made to that office. *Id.* Ex. B.

In a letter dated February 3, 1997, the FBI informed plaintiff that approximately 900 pages of documents had been identified as responsive to his request, and informed Eison that the duplication charges would cost approximately $80. *Id.* Ex. F. On February 10, Eison replied that he accepted this cost estimate. *Id.* Ex. G. After several subsequent letters from Eison to the FBI inquiring as to the status of his request, the FBI sent Eison a letter on June 20, 1997, which indicated that due to a lack of resources and a tremendous volume of requests, the FBI was extremely backlogged in FOIA responses. *Id.* Ex. K. Eison was given no estimated date by which his request would be completed. *Id.* Ex. L. A similar letter was sent to Eison on August 26. In a letter dated September 30, plaintiff again wrote to the FBI stressing his need for the materials in order to timely appeal his conviction. *Id.* Ex. M.

By letter dated April 29, 1998, plaintiff filed a Notice of Appeal with the Office of Information and Privacy ("OIP") and the Justice Department, asserting that the FBI's delay in responding to his request was a constructive denial. *Id.* Ex. Q. On May 20, the OIP sent plaintiff a letter

instructing him to consider that letter, "as a denial of your appeal," and informing him that he could bring any further actions concerning this matter in "an appropriate federal court." *Id.* Ex. R.

On July 16, 1998, plaintiff filed a Notice of Motion for a Preliminary Injunction with an accompanying Affidavit and Memorandum of Law. On October 29, 1998, this Court denied that motion. *See Eison v. Kallstrom et. al.*, 98 Civ. 6277(SAS) (S.D.N.Y. October, 29, 1998). In light of Plaintiff's *pro se* status, the Court construed plaintiff's Memorandum of Law as a complaint and ordered plaintiff to serve his Complaint by January 15, 1999. On December 15, 1998, plaintiff served his Complaint alleging that the FBI demonstrated a "pattern and practice" of delaying plaintiff's FOIA request, and sought injunctive relief requiring the FBI to provide an expedited response.

On December 28, 1998, the FBI sent plaintiff a letter informing him that 249 pages of his request were available for release. *See* Hodes Dec. Ex. S. The documents were sent with a Form 4-694 dated January 27, 1999. This form explained that only 235[1] of 971 pages were being released and indicated that the remaining pages were being withheld due to provisions in 5 U.S.C. § 552(b)(2), (b)(3), (b)(7)(A), (b)(7)(C), (b)(7)(D), (b)(7)(E), and 5 U.S.C. § 552a (j)(2). *Id.* Ex. U. No specific explanations were provided beyond checkmarks on the form which indicated these sub-sections.

By letter dated March 8, 1999, plaintiff informed the FBI that he intended to appeal the FBI's decision due to the withholding of the bulk of his requested documents and the inadequate explanation for that determination. *See* Supplemental Declaration of Scott A. Hodes Ex. A. Eison received a response dated April 28, 1999, from an OIP FOIA Specialist who informed him that his appeal was received on March 17, 1999, but that due to a backlog of pending appeals, there would

again be a delay in processing his request. *Id.* Ex. B.

On May 19, 1999, defendants brought these motions for dismissal, or in the alternative, summary judgement, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), 12(b)(6), and 56. Eison responded with a Memorandum in Opposition expressing his desire to amend his initial Complaint. Eison seeks to replace his now moot request for timely compliance with his FOIA request with a petition that the Court instruct the FBI to release the aforementioned withheld documents.

## II. Discussion

Defendants make three arguments in support of their motions. First, defendants claim that Eison has sued individual federal officials, while FOIA only permits suits against agencies. Second, defendants argue that the Complaint should be dismissed as moot because it sought injunctive relief expediting the FBI's response to plaintiff's FOIA request, which was no longer necessary in view of the production of the documents. Finally, defendants assert that this Court lacks subject matter jurisdiction as plaintiff has failed to exhaust his administrative remedies.

### A. *FOIA Only Permits Suits Against Agencies*

■ Defendants argue that Kallstrom, Roth, and O'Brien must be dismissed as defendants under Rules 12(b)(1) and 12(b)(6) on the ground that FOIA only authorizes suits against federal agencies and not individuals. Defendants are correct. *See Mamarella v. County of Westchester*, 898 F.Supp. 236, 238 (S.D.N.Y. 1995) ("Nor can Pirro individually be required to comply with his request under the FOIA or the Privacy Act because the plain language of both acts provides that only 'agencies' are subject to the FOIA and the Privacy Act. It follows that the

---

**1.** Eison was sent only 235 pages, rather than the initially reported 249 pages. The FBI

explains that it made an initial counting error. *See* Hodes Dec. Ex. U.

statutes do not create a cause of action against individuals."). Plaintiff has consented to dismissing the individual defendants and moves for leave to amend his Complaint to substitute "Department of Justice" in place of those defendants.

In an analogous case, *Platsky v. CIA,* 953 F.2d 26, 28 (2d Cir.1991), the court explained that:

> Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel.

In *Platsky,* the Court of Appeals determined that the District Court had erred in dismissing the complaint rather than allowing the plaintiff to amend his pleadings to name individuals rather than federal agencies as defendants.[2] Accordingly, plaintiff's motion to amend his Complaint to substitute the Department of Justice for the individual defendants is granted.

### B. *The Complaint Should Be Dismissed As Moot*

Defendants argue that plaintiff's request for injunctive relief expediting the FBI's response to his FOIA request is moot because the FBI has now responded to plaintiff's FOIA request. Eison acknowledges that the FBI has responded to his original request for documents. However, he contends that he was wrongly denied access to approximately 700 of the 971 pages initially found responsive to his request. Accordingly, Eison now challenges the quality, rather than the timeliness, of the FBI's response. Plaintiff seeks to amend his Complaint to reflect this new issue.

Plaintiff's motion to amend falls under Rule 15(d) which applies to events that have occurred since the date of the filing of the pleading. The allegations in the supplemental pleading, "do not need to arise out of the same transaction or occurrence as the original; they need only bear some relationship to the subject of the original pleading." (3 *Moore's Federal Practice,* § 15.30 at 15-108 (Matthew Bender 3d ed. 1998)). Permission to amend may be granted "even though the original pleading is defective in its statement of a claim for relief." Fed.R.Civ.P. 15(d).

The goal of Rule 15(d) is to establish a, "liberal policy favoring a merit-based resolution of the entire controversy between the parties." *Katzman v. Sessions,* 156 F.R.D. 35, 38 (E.D.N.Y.1994). Accordingly, the motion should be granted unless the nonmovant is able to demonstrate either "bad faith on the part of the moving party, the futility of the claims asserted within the application, or undue prejudice to the nonmovant." *Id.* at 38. *See also Duran v. City of New York,* 96 Civ. 4219(MBM), 1999 WL 294989 (S.D.N.Y. May 10, 1999). Defendants do not contend that Eison brings his supplemental claims in bad faith; nor do they argue that his Amended Complaint will cause them any particular prejudice.

Defendants do argue, however, that the amendment would be futile as they allege that plaintiff has failed to exhaust his administrative remedies regarding the FBI's FOIA response. Defendants cite to *Voinche v. F.B.I.,* 999 F.2d 962, 963 (5th Cir.1993), which states that, "The Freedom of Information Act requires exhaustion of administrative remedies prior to seeking judicial review." *Voinche* presented a similar claim to that asserted here. After he sued the FBI complaining of its delay in responding to his FOIA request, the FBI responded and Voinche then challenged the adequacy of that production. *Voinche* is distinguishable, however, because "[a]ll-

---

**2.** *Platsky* was not a FOIA case. It involved a constitutional violation where case law specified that only individuals, not agencies, may be sued. However, the principle of allowing

pro se plaintiffs considerable latitude to correct superficial pleading errors is directly on point.

though [he] exhausted his administrative remedies [regarding] the tardiness of the FBI's response, he has not challenged the adequacy of the FBI's response administratively." *Voinche*, 999 F.2d at 963. Here, DOJ's letter of April 28, 1999, clearly indicates that on March 17, 1999, Eison specifically appealed the adequacy of the FBI's response.

The FOIA requires that "[e]ach agency upon any request for records ... shall ... make a determination with respect to any appeal within twenty days." 5 U.S.C. § 552(a)(6)(A)(ii). The statute further specifies that, "[a]ny person making a request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C). Eison's appeal was received by the FBI on March 17, 1999. Obviously, more than twenty days have elapsed since that appeal was served. Accordingly, Eison has effectively exhausted his administrative remedies with respect to the adequacy of the FBI's response *See Oglesby v. U.S. Dept. Of the Army*, 920 F.2d 57, 71 (D.C.Cir. 1990) ("Once the head of the agency has made a determination on appeal, or the twenty-day statutory deadline for the appeal decision has passed, he may bring suit in federal district court pursuant to 5 U.S.C. § 552(a)(4)(B)").

On April 28, 1999, the FBI acknowledged that it could not respond in a timely manner. Because Eison has exhausted his administrative remedies, the proposed amendment, covering the adequacy of the DOJ's response, is not futile. Therefore, plaintiff's motion to amend his Complaint is granted.

## III. Conclusion

For the foregoing reasons, defendants' motions to dismiss and for summary judgement are denied. Plaintiff may file and serve an Amended Complaint by August 1, 1999. A status conference is scheduled for August 4, 1999, at 4:30.

SO ORDERED.