# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

No. 09-50246
Summary Calendar

Charles R. Fulbruge III
Clerk

JAMES NYERGES

Plaintiff - Appellant

v.

FEDERAL AVIATION ADMINISTRATION

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CV-172

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant James Nyerges brought this Freedom of Information Act ("FOIA") suit, seeking to compel the release of documents from the Federal Aviation Administration ("FAA"). The district court dismissed the action. We AFFIRM.

FOIA directs that federal agencies must release certain information in response to requests from the public. Following the denial of a request, an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

individual is required to exhaust the following procedures before proceeding to the district court:

> (A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall –
>
> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency and adverse determination; and
>
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A); *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993).

Nyerges maintains that the following events fulfilled the exhaustion requirement. On October 27, 2008, the initial FOIA request was filed with the FAA. On November 3, 2008, the FAA responded, informing Nyerges that his request was being withheld under the Privacy Act. Nyerges appealed to the FAA Administrator on November 7, 2008. On November 28, 2008, the FAA Administrator advised Nyerges that the FAA Southwest Region had been instructed to respond to his request. The FAA Southwest Region did so by letter on December 8, 2008. The Region informed Nyerges that it was producing some of the requested information and that reconsideration of the partial denial could be requested in writing to the FAA Administrator within 30 days.

Nyerges chose not to seek further consideration. Instead, he sought relief in the district court. The district court subsequently dismissed Nyerges's action after determining that he failed to exhaust the available administrative review

2

procedures. We review the district court's grant of a motion to dismiss *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

The primary point of contention in this case is the effect of the letter from the FAA Southwest Region, dated December 8, 2008. Nyerges submits that the letter serves as the final word from the FAA. Once he received the partial denial, he was free to proceed to the district court. He appealed once to the FAA Administrator as required by statute; the Administrator told him that the Southwest Region would respond to his request.

We do not accept that characterization of the events. The Southwest Region's letter clearly stated that Nyerges should seek reconsideration of the partial denial by writing to the FAA Administrator. Far from being a final ruling from the FAA Administrator, the Southwest Region's letter revealed that the final ruling remained the responsibility of the FAA Administrator. Because Nyerges failed to comply with the instructions in the Southwest Region's letter, further and final review did not occur.

The district court's decision to dismiss is AFFIRMED.