# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No.  18-40140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

JOSE LUIS VELASQUEZ; HERLINDA VELASQUEZ,

     Plaintiffs - Appellants

v.

KIRSTJEN M.  NIELSEN, SECRETARY, U.S.  DEPARTMENT OF
HOMELAND SECURITY; L.  FRANCIS CISSNA, Director of U.S.
Citizenship and Immigration Services; MARIO ORTIZ, District Director of
U.S.  Citizenship and Immigration Services; NORMA A.  LIMON, Field Office
Director; JESSE MENDEZ, former Supervisory Adjudications Officer; RON
ROSENBERG, Acting Chief of Administrative Appeals Office; JEFFERSON
B.  SESSIONS, III, U.  S.  ATTORNEY GENERAL; RYAN PATRICK, U.S.
Attorney for the Southern District of Texas,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CV-43

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

---

    * Pursuant to 5TH CIR.  R.  47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR.  R.  47.5.4.

No. 18-40140

Jose Luis Velasquez and Herlinda Velasquez appeal the district court's judgment dismissing their suit against the Department of Homeland Security (DHS) and a number of related official actors. They seek a declaration that United States Citizenship and Immigration Services (USCIS) officials erred, first, in rejecting Mr. Velasquez's applications for waiver of grounds of inadmissibility and adjustment of status, and second, in rejecting their request for additional review of Mr. Velasquez's applications. They also appeal the district court's dismissal of their claim for a declaration that DHS violated appellants' rights under the Freedom of Information Act (FOIA) based on its untimely response to their document request. Because the district court lacked jurisdiction to hear these claims, we AFFIRM.

I.

Mr. Velasquez, a native of El Salvador, entered the United States illegally at an unknown time in the 1970s. He was later detained by the Immigration and Naturalization Service (INS), but released on bond on September 1, 1983. While out on bond Mr. Velasquez was arrested, charged, and convicted of voluntary manslaughter, for which he was sentenced to seven years of imprisonment. He was deported to El Salvador in 1986. Mr. Velasquez illegally re-entered the United States and voluntarily departed in 1989. In 1993, Mr. Velasquez applied for a visa in his name (but falsely claiming Mexican nationality) and entered the United States. In 1999, Leticia Leal-De Velasquez filed a Form I-130, Petition for Alien Relative, claiming that she and Mr. Velasquez had been married in Texas earlier that year. She also claimed that Mr. Velasquez was born in Mexico. He later applied for and obtained a multiple-entry visa to enter the United States to pursue adjustment of status using a (presumably false) Mexican birth certificate.

Because of his conviction for voluntary manslaughter, Mr. Velasquez was first required to obtain a waiver of his criminal ground of inadmissibility

in order to further process his application for adjustment of status. In 2008, however, Mr. Velasquez's waiver application was dismissed as a result of his divorce from Leticia.

That year, Mr. Velasquez again married, this time to Herlinda Velasquez. She filed a new Form I-130, application for adjustment of status, and request for waiver of criminal ground of inadmissibility on his behalf. In 2013, the USCIS denied Mr. Velasquez's application for waiver of criminal ground of inadmissibility because he had failed to establish that his removal would result in "extreme hardship" to his qualifying relatives under 8 U.S.C. § 1182(i). Without the waiver, Mr. Velasquez was deemed inadmissible to the United States based on his commission of a "crime involving moral turpitude." His application for adjustment of status was denied in a separate order. Subsequently, the USCIS Administrative Appeals Office (AAO) denied Velasquez's appeal as untimely, which all parties now agree was a mistake. Appellants filed the instant action, at which point the AAO *sua sponte* reopened Velasquez's administrative appeal and remanded the case to the USCIS. USCIS again denied Velasquez's application for a waiver, based in part on an application of 8 C.F.R. § 212.7(d), which regulates the use of discretion to grant waivers when an alien has been convicted of a "violent or dangerous crime."

At that time, appellants moved to amend their complaint to add new claims, while the government moved to dismiss the complaint as mooted. The district court denied the government's motion to dismiss and granted appellants' motion to amend. Further amendments followed. All told, appellants asserted three claims.

First, appellants argued that USCIS erred in denying their application for a waiver of Mr. Velasquez's inadmissibility based on his criminal conviction because A) USCIS incorrectly classified Mr. Velasquez's voluntary

No. 18-40140

manslaughter conviction as a "crime involving moral turpitude"; B) 8 C.F.R. § 212.7(d) was improperly applied retroactively in Mr. Velasquez's case; C) 8 C.F.R. § 212.7(d) was promulgated without sufficient statutory authority; and D) 8 C.F.R. § 212.7(d) is void for vagueness. Appellants requested declaratory relief from the district court.

Second, appellants sought a declaration that USCIS violated their Due Process rights by failing to commence removal proceedings against Mr. Velasquez, which would have opened procedural avenues to seek further review of USCIS's decision, leading, eventually, to review by this court.

Third, appellants argued that DHS violated FOIA by failing to respond in a timely manner to their FOIA request, and by redacting certain documents relating to that request. Appellants further argued that these actions constituted retaliation against appellants' counsel, and asked for unspecified declaratory relief.

The district court dismissed appellants' second and third claims. The court found that it lacked jurisdiction to hear appellants' Due Process claim based on the provisions of 8 U.S.C. § 1252(g)[1] or, alternatively, because the appellants sought an advisory opinion. It found that their FOIA untimeliness claims were mooted when the agency released the requested documents to the appellants, and further, that appellants had failed to exhaust administrative remedies with regard to the FOIA completeness claim. Finally, it found that appellants sought an advisory opinion with respect to their retaliation claim.[2]

---

[1] The relevant provision of 8 U.S.C. § 1252(g) reads as follows: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

[2] Appellants do not press either their FOIA completeness or retaliation claims on appeal. However, they continue to press their untimeliness claim.

No. 18-40140

The district court initially declined to dismiss appellants' first ground for relief seeking a declaratory judgment regarding 8 C.F.R. § 212.7(d). After the government filed a motion for summary judgment, however, arguing that the court lacked jurisdiction to hear this claim based on 8 U.S.C. § 1182(h)'s bar on review of discretionary waiver decisions, the court *sua sponte* dismissed for lack of jurisdiction.[3]

## II.

On appeal, appellants contend that the district court erred in a number of ways. We will address each in turn.

## A.

First, appellants contend that their claims do not properly fall within § 1182(h)'s jurisdictional bar because they are not asking for review of a discretionary decision, but instead, they are asking for review of rules applied

---

[3] The relevant portions of 8 U.S.C. § 1182(h) read as follows:

The Attorney General may, in his discretion, waive the application of subparagraph[] (A)(i)(I) [deeming aliens convicted of a crime involving moral turpitude inadmissible]…, if –
> (1)
>> (A) in the case of any immigrant it is established to the satisfaction of the Attorney General that –
>>> (i) the alien is inadmissible only under subparagraph (D)(i) or (D)(ii) of such subsection or the activities for which the alien is inadmissible occurred more than 15 years before the date of the alien's application for a visa, admission, or adjustment of status,
>>> (ii) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States, and
>>> (iii) the alien has been rehabilitated; or
>> (B) in the case of an immigrant who is the spouse…of a citizen of the United States…if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse
>
> ….
> No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection.

by the USCIS, which they argue is a review authorized by 8 U.S.C. § 1252(a)(2)(D).[4] The district court considered this argument, but determined that because Mr. Velasquez was subject to an order of removal, appellants were required to petition this court directly. However, now appellants argue that, contrary to the finding of the district court, Mr. Velasquez is not in removal proceedings, and that this fact (combined with the fact that his claim involves alleged legal errors by the USCIS) means that there is no bar to jurisdiction.

We need not weigh into this dispute directly, because a further jurisdictional problem bars appellants' claim. Our precedent makes clear that the district courts do not have jurisdiction to review a denial of adjustment of status, regardless of whether that denial is based on discretionary factors, and regardless of whether it comes in the context of removal proceedings. In *Cardoso v. Reno,* 216 F.3d 512 (5th Cir. 2000), this court considered a suit by three aliens seeking a number of remedies after the then-INS denied their applications for adjustment of status. While two of those aliens were subject to orders of removal and sought an injunction preventing those orders from being executed, one alien, Aurora Moran, was not. Furthermore, like appellants, she was arguing that INS made a legal error in denying her petition. Despite this fact, the court held that Moran could not challenge the immigration judge's decision to deny her request for adjustment of status in the federal district court, but must instead wait to do so if and when removal proceedings were commenced. *Id.* at 517-18. Mr. Velasquez's case is indistinguishable from that of Moran in *Cardoso.*

---

[4]8 U.S.C. § 1252(a)(2)(D) reads as follows: "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

No. 18-40140

Nonetheless, appellants repeatedly insist that they are not seeking review of the denial of their petition for adjustment of status, but instead are seeking to gain a declaration that the incorrect legal standards were applied to their waiver applications. This purported distinction is spurious. Receiving a waiver was a necessary condition for Mr. Velasquez to successfully adjust his status. The two are inseparable. Furthermore, if a party could receive a legal ruling by a district court (and, by extension, this court) on the correctness of a ruling by the USCIS simply by labeling it a request for declaratory relief, then our decision in *Cardoso* (and the statutory review process enacted by Congress) would be made meaningless. Therefore, we find that the district court correctly dismissed appellants' claim for lack of jurisdiction.[5]

B.

Second, appellants argue that the district court erred by dismissing, for lack of jurisdiction, their request to compel USCIS to initiate removal proceedings. Although this claim escapes the reach of our holding in *Cardoso* inasmuch as it does not involve review of an adjustment of status decision, the district court correctly found that it lacked jurisdiction to hear this claim.

Under 8 U.S.C. § 1252(g), jurisdiction is withdrawn from the federal courts to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." We have previously construed this provision to bar the district courts from hearing any claim seeking to compel the initiation of removal

---

[5] Appellants also argue that the district court erred by (allegedly) failing to consider exhibits that appellants attached to their complaint, which would have demonstrated that the appellant was not subject to an order of removal, contrary to the district court's finding. Given that whether Mr. Velasquez was subject to an order of removal is irrelevant to the outcome of this case, we do not discuss this argument.

No.  18-40140

proceedings. *Alvidres-Reyes v.  Reno*, 180 F.3d 199 (5th Cir. 1999).  Appellants seek to compel such proceedings, and so, on its face, their claim is barred.

In response, the appellants take their argument one level higher and argue that 8 U.S.C. § 1252(g) *itself* violates the Due Process Clause as applied to Mr. Velasquez.  But appellants have pointed us to no decision, by this court or otherwise, that has found that § 1252(g)'s jurisdictional bar goes so far as to deny those in appellants' position due process.  Nor have they offered any reason why we should be the first to find that it does.  They rely instead on the repeated assertion that appellant will be required to wait until DHS initiates removal proceedings to receive further review of their waiver petition. Although this is certainly true, this delay is insufficient to grant the district court jurisdiction.  Congress has the power to determine the jurisdiction of the federal courts, including the power to require exhaustion of administrative remedies. *See, e.g., U.S. v. Sing Tuck*, 194 U.S. 161 (1904).  As such, the district court correctly found that it lacked jurisdiction to hear this claim.[6]

### C.

Third, appellants challenge the district court's dismissal of their FOIA claims.  The district court found that appellants' untimeliness claims were mooted by DHS's belated response in producing the requested information.[7] This holding is correct. *Voinche v.  F.B.I.,* 999 F.2d 962, 963 (5th Cir. 2005).

---

[6] Appellants also argue that the district court erred by denying their motion to amend their complaint.  Because the proposed amended complaint failed to cure any of the defects that we have discussed above, we agree with the district court that amending the complaint was futile, and thus the court did not err by denying appellants' motion to amend.

[7] The appellants seem to suggest at several points in their briefs that the district court dismissed their FOIA untimeliness claims based on a failure to exhaust administrative remedies.  This view is incorrect.  The district court was clear that it dismissed the untimeliness claims because they were mooted by the government's release of the documents. However, the district court did dismiss appellants' incompleteness claims based on lack of exhaustion.  Appellants did not contest this latter ruling on appeal, and so we do not consider it.

No.  18-40140

Appellants suggest, however, that they remain entitled to some unspecified form of declaratory relief.  Given that there is no active controversy regarding this claim, we hold that the district court was correct in finding that appellant, at best, is asking us simply to give an impermissible advisory opinion.

## III.

In sum, we hold, for the reasons above, that the district court correctly determined that it lacked jurisdiction to review the decision of the USCIS denying appellants' waiver application or to compel the USCIS to initiate removal proceedings against Jose Velasquez. We further conclude that the district court correctly found that appellants' FOIA untimeliness claims are moot.  Finally, we hold that the district court did not err in denying appellants' motion to amend their complaint.  Therefore, the judgment of the district court is AFFIRMED.